**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Argued March 3, 2020
Decided March 4, 2020

### Before

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

| | |
|---|---|
| No. 19-2682 <br><br> XIAO JUN LIANG, <br>     *Petitioner*, <br><br>       *v.* <br><br> WILLIAM P. BARR, Attorney General, <br>     *Respondent*. | On Petition for Review of an Order of the Board of Immigration Appeals. <br><br> No. A095-928-809 |

### Order

Xiao Jun Liang, a citizen of China, entered the United States in 2003 and was ordered removed the same year. She sought reopening, without success, in 2009 and again in 2012. In 2018 she filed a third motion to reopen, contending (for the first time) that her Notice to Appear in 2003 had been defective because it did not supply a date for her hearing (the date was added six days later, in a separate document), and that as a result she is entitled to relief under 8 U.S.C. §1229b(b)(1).

The Board denied this motion for three reasons. First, it observed that the motion is untimely (the statute and regulations allow only 90 days) and successive (the statute

and regulations allow only one motion). Second, the Board relied on *Matter of Mendoza-Hernandez*, 27 I. & N. Dec. 520 (BIA 2019) (en banc), for the proposition that multiple documents may be combined to produce a statutory Notice to Appear, which has the effect of stopping the accrual of time toward the ten years required by §1229b(b)(1). Third, the Board concluded that the alien had not established that her removal would cause exceptional hardship to her children (who are citizens of the United States). Such hardship is a condition of relief under §1229b(b)(1)(D).

The petition for review contests the Board's second reason but ignores the first and third. Yet a litigant must contest every ground on which she lost. If we were to agree with the alien on Issue 2, that would do her no good; she still would not be eligible for relief under §1229b(b)(1). We are not going to issue an advisory opinion on a legal question that cannot affect the outcome. What's more, *Cruz-Moyaho v. Holder*, 703 F.3d 991 (7th Cir. 2012), holds that under 8 U.S.C. §1252(a)(2)(B)(ii) a court of appeals lacks jurisdiction to review a decision that an alien has not established an entitlement to relief under §1229b. Counsel for the alien has not asked us to revisit that holding, nor has counsel contended that exceptional hardship is a legal issue for the purpose of §1252(a)(2)(D); indeed, although the Attorney General relied on *Cruz-Moyaho*, counsel for the alien did not file a reply brief. There is accordingly nothing for us to review.

The petition is dismissed for want of jurisdiction.